UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.                                                                                                    CASE NO:

CAPTAIN PIP'S HOLDINGS, LLC,
DANIEL COUCH, TANNER HELMER,
SRINIVASRAO ALAPARTHI, as P.R. of
the Estate of SUPRAJA ALAPARTHI
and as parent and natural guardian of Ak.A,
a minor child, and RAVIKUMAR SADDA
and ASRITHA RAVALA, as parents and
natural guardians of V.S., a minor child,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

NAUTILUS INSURANCE COMPANY ("Nautilus") files suit against CAPTAIN PIP'S HOLDINGS, LLC ("Captain Pip's"), DANIEL COUCH, TANNER HELMERS, SRINIVASRAO ALAPARTHI, as Personal Representative of the Estate of SUPRAJA ALAPARTHI and as parent and natural guardian of Ak.A, a minor child, and RAVIKUMAR SADDA and ASRITHA RAVALA, parents and natural guardians of V.S., a minor child, and in support alleges:

### NATURE OF THE ACTION

1.    At issue in this action is whether there is coverage for a lawsuit arising out of the use of a watercraft known as *M/V Airborne* under insurance policies with an absolute Aircraft, Auto, or Watercraft Exclusion, among other provisions.

### JURISDICTION AND VENUE

2.    Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff and defendants. The amount in controversy exceeds $75,000

exclusive of attorney's fees, interest, and costs. The underlying accident involves claims of serious bodily injury and death. Nautilus issued primary and excess insurance policies to Captain Pip's with a combined aggregate limit of $5,000,000.

3. Venue is proper in this district because Nautilus issued and delivered the policies in this district, Captain Pip's has its principal place of business in this district, the underlying action is pending in this district, the maritime action is pending in this district, and a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent to filing this lawsuit have occurred, have been performed, or were otherwise waived.

## THE PARTIES

5. Nautilus is an Arizona corporation with its principal place of business in Arizona. Nautilus is a surplus lines insurer that issued primary and excess insurance policies to Captain Pip's that include an absolute Watercraft Exclusion, among other provisions.

6. Captain Pip's is a limited liability company formed in Florida with its principal place of business in Marathon, Florida. Captain Pip's only known member is a citizen of Florida; specifically, John E. Crawford resides at 8302 Marina Villas Drive in Duck Key, Florida 33050.

7. Daniel Couch is a citizen of Florida and resides at 213 Anglers Drive S, Apt. 1, in Marathon, Florida 33050. Couch is a defendant in the underlying action.

8. Tanner Helmers is a citizen of Florida and resides at 213 Anglers Drive S, Apt. 1, in Marathon, Florida 33050. Helmers is a defendant in the underlying action.

9. Srinivasrao Alaparthi is a citizen of Illinois and resides at 1547 Dakota Drive, in Elk Grove Village, Illinois 60007. Alaparthi sued Captain Pip's, Couch, and Helmers in an underlying action pending in this district.

10. Ravikumar Sadda is a citizen of Illinois and resides at 285 Mayfair Lane, in Schaumburg, Illinois 60193. Sadda sued Captain Pip's, Couch, and Helmers in an underlying action pending in this district.

11. Asritha Ravala is a citizen of Illinois and resides at 285 Mayfair Lane in Schaumburg, Illinois 60193. Ravala sued Captain Pip's, Couch, and Helmers in an underlying action pending in this district.

## MARITIME ACTION

12. On September 26, 2022, Light House Parasail, Inc. ("Light House") filed a Complaint For Exoneration From Or Limitation Of Liability in the Southern District of Florida, and identified Srinivasrao Alaparthi, personal representative of the Estate of Supraja Alaparthi and as the legal parent of Ak.A, and Ravikumar Sadda and Asritha Ravala, as parent and natural guardian of V.S. a minor child (collectively, the "claimants"). (A copy of the Maritime Complaint is attached as Exhibit "A.")

13. The maritime action is captioned, *In re: The Complaint of Lighthouse Parasail, Inc. as Owner of a 2009 31' "Ocean Pro Parasail Boat titled "*Airborne*" bearing the Hull Identification No. CNX00096B909 its Engines, Tackle, Appurtenances, Equipment, & ETC., in a cause of Exoneration from or Limitation of Liability*, Case No. 4:22-cv-10082.

14. According to the Maritime Complaint, Light House owned the watercraft *M/V Airborne*, which is a 2009 31' CWS Ocean Pro Parasail Boat bearing Hull Identification No. CNX00096B909. (*See* Ex. A at ¶¶4, 6.)

15. The Maritime Complaint alleges "[o]n or about May 30, 2022, those represented by the potential Claimants were accidentally injured or suffered death during the operation of the Vessel. The injuries occurred on a voyage on that date from Marathon Florida." (*Id.* at ¶8.)

16. Light House alleges neither it, the vessel, nor its crew are liable to the claimants. (*Id.* at ¶11.)

17. The claimants filed materially identical Claims, Answers and Affirmative Defenses Claims (collectively, the "Answers"). (Copies of the Answers are attached as Composite Exhibit, "B.")

18. The Answers allege Daniel Couch and Tanner Helmers were employees of Light House at the time of the accident. (Ex. B at 2.)

19. Light House, and its employees Couch and Helmers, allegedly negligently operated *M/V Airborne* during inclement weather and allowed Supraja Alaparthi, Ak.A, and V.S. to ascend in a parasail while weather conditions continued to deteriorate. (Ex. B at 1-2.) The crew allegedly lost control of the parasail and untethered it from the *M/V Airborne*, resulting in Supraja's death and serious injury to Ak.A and V.S. (*Id.*)

20. The Maritime Action remains pending in the Southern District of Florida, Key West Division.

## THE UNDERLYING ACTION

21. On June 6, 2023, Spinivasrao Alaparthi, as personal representative of the Estate of Supraja Alaparthi and as the parent and natural guardian of Ak.A, a minor child, and Sadda and Ravala, as parent and natural guardian of V.S., a minor child, filed suit against Captain Pip's, Couch, and Helmers (the "Underlying Action.") (A copy of the Complaint is attached as Exhibit "C.")

22. According to the Complaint, the plaintiffs "contacted Lighthouse Parasail, Inc. and/or Captain Pip's Holdings, LLC, and booked parasailing activities for later that" afternoon. (Ex. C at ¶18.)

23. They paid for their parasail rides and voyage and "boarded the vessel the *M/V Airborne* late in the afternoon to begin their parasailing adventure." (*Id.* at ¶20.)

24. The complaint alleges Couch and Helmers were the crew of the *M/V Airborne* and were allegedly "employed or contracted by" Captain Pip's. (*Id.* at ¶8, 10.)

25. While Supraja, Ak.A, and V.S. were on the vessel, "the crew of the *M/V Airborne* lost control of the parasail due to, among other things, the poor weather conditions" and "cut the towline that connected the parasail to the *M/V Airborne*." (*Id.* at ¶25.)

26. The untethered parasail dragged Supraja, Ak.A, and V.S. across the water before colliding with a bridge, resulting in Supraja's death and injury to Ak.A and V.S. (*Id.* at ¶26-27.)

27. Counts I through XVI of the complaint allege negligence, negligence per se, and negligent infliction of emotional distress against Couch and Helmers for among other things, negligently operating the vessel *M/V Airborne* in inclement weather, failing to take reasonable efforts to bring down the parasail and rescue the underlying plaintiffs, failing to notify the United States Coast Guard of the emergency, cutting the towline that connected the parasail to the vessel *M/V Airborne*, failing to carry a United States Coast Guard license aboard the vessel *M/V Airborne*, and failing to have a functional VHF marine transceiver and a separate electronic device capable of providing access to National Weather service forecasts. (*See id.* at ¶31.)

28. Counts XVII through XXIV of the complaint allege negligence, vicarious liability, and negligent infliction of emotional distress against Captain Pip's for among other things, failing to reasonably and properly train the crew members or seaman who operated the vessel *M/V Airborne*, failing to equip the *M/V Airborne* with proper safety and parasailing equipment, failing to implement reasonable and proper safety policies and procedures regarding emergency situations, cutting the towline that connected the parasail to the *M/V Airborne*, failing to carry a

United States Coast Guard license aboard the vessel *M/V Airborne*, and failing to have a functional VHF marine transceiver and a separate electronic device capable of providing access to National Weather service forecasts. (*See id.* at ¶113.)

29. Nautilus is defending Captain Pips, Couch, and Helmers against the allegations in the underlying lawsuit under a complete reservation of rights.

## THE NAUTILUS POLICIES

30. Nautilus is a surplus lines insurer.[1]

31. Captain Pip's purchased a renewal, commercial general liability policy from Nautilus, issued to Named Insured "Captain Pips Holdings LLC. Captain PIP's Marina and Hideaway," bearing Policy Number NN1404463 and effective from 04/30/2022 to 04/30/2023 (the "Primary Policy"). The Primary Policy contains a $1,000,000 each occurrence limit and $2,000,000 aggregate limit. (A copy of the Primary Policy is attached as Exhibit "D.")

32. Captain Pip's previous commercial general liability policy with Nautilus included the same absolute Aircraft, Auto, or Watercraft Exclusion.

33. Under the Insuring Agreement, Nautilus "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." (*See* Ex. D, Form CG 00 01 04 13 at 1/16.)

34. Captain Pip's also purchased a renewal, commercial excess liability policy from Nautilus, issued to Named Insured "Captain Pips Holding, LLC DBA: Captain PIP's Marina and Hideaway, LLC," bearing Policy Number AN1260639 and effective from 04/30/2022 to

---

[1] Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured cannot obtain coverage from authorized insurers in the state. *See Essex Ins. Co. v. Zota*, 985 So. 2d 1036, 1040 n.2 (Fla. 2008). Captain Pip's could not obtain insurance through the admitted market so as a last resort it purchased an insurance policy from Nautilus in the surplus lines market. *See Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1376 (S.D. Fla. 2020) (noting a surplus lines insurer often has "more restrictive terms or exclusions on its policies.").

04/30/2023 (the "Excess Policy.") The Excess Policy contains a $3,000,000 each occurrence limit and a $3,000,000 aggregate limit. (A copy of the Excess Policy is attached as Exhibit "E.")

35. The Excess Policy follows form to the provisions, exclusions, and limitations of the Primary Policy and "the coverage provided under [the Excess Policy] will not be broader than that provided by the" Primary Policy. (*See* Ex. E, Form NE 00 31 01 19 at 1/10.)

36. Captain Pip's was fully aware of the terms of the Primary Policy and Excess Policy and voluntarily accepted all the terms.

## COUNT I – ABSOLUTE AIRCRAFT, AUTO, OR WATERCRAFT EXCLUSION

37. Nautilus incorporates Paragraphs 1 through 36.

38. The Primary Policy includes a standard Aircraft, Auto, or Watercraft Exclusion.

39. By endorsement, the standard version of the exclusion was replaced by a so-called absolute Aircraft, Auto, or Watercraft Exclusion that eliminated numerous limitations present in the standard version.

40. In pertinent part, the absolute Aircraft, Auto, or Watercraft Exclusion provides:

## EXCLUSION – UNMANNED AIRCRAFT, OTHER THAN UNMANNED AIRCRAFT, AUTO OR WATERCRAFT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Exclusion **g. Aircraft, Auto Or Watercraft** under Paragraph **2. Exclusions** of **Section I - Coverage A - Bodily Injury and Property Damage Liability** is **replaced** by the following:

**2. Exclusions**

This insurance does not apply to:

**g.** Aircraft, Auto Or Watercraft…

**(2)** Aircraft (Other Than Unmanned Aircraft), Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft (other than

"unmanned aircraft"), "auto" or watercraft. Use includes operation and "loading or unloading".

This Paragraph **g.(2)** applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft.

This Paragraph **g.(2)** does not apply to:

**(a)**  A watercraft while ashore on premises you own or rent; or

**(b)**  "Bodily injury" or "property damage" arising out of:

  **i.**  The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

  **ii.**  The operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment" as follows:

    **(aa)**  Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

    **(bb)**  Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

41. The absolute Aircraft, Auto, or Watercraft Exclusion eliminates coverage for the Underlying Action under the Primary Policy and also under the Excess Policy.

42. Nautilus accordingly has no duty to defend or indemnify the Underlying Action.

## COUNT II – STATUS AS INSUREDS

43. Nautilus incorporates Paragraphs 1 through 36.

44. The Insuring Agreement in the Primary Policy provides that Nautilus will pay sums "the insured" becomes obligated to pay to which the insurance applies. (Ex. D, Form CG 00 01 04 13 at 1/16.) Status as an insured under the policy is dictated by Section II – Who Is An Insured. (Ex. D, Form CG 00 01 04 13 at 10/16.)

45. The first Named Insured under the Primary and Excess Policies is Captain Pips Holdings LLC. Neither Couch and Helmers are Named Insureds under the Primary Policy or the Excess Policy.

46. At the time of the accident, Couch was not an employee of Captain Pip's; rather, he was employed by Light House.

47. At the time of the accident, Helmers was not an employee of Captain Pip's; rather, he was employed by Light House.

48. Couch and Helmers accordingly do not qualify as "insureds" under the Primary or Excess Policies and Nautilus has no duty to defend or indemnify them in the Underlying Action.

## REQUESTED RELIEF

Nautilus requests that this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Primary Policy and Excess Policy;

b. Declare Nautilus has no duty to defend or indemnify Captain Pip's, Couch, or Helmers in the Underlying Action under the absolute Aircraft, Auto, or Watercraft Exclusion;

c. Declare Nautilus has no duty to defend or indemnify Couch or Helmers in the Underlying Action because they do not qualify as "insureds" under the Primary Policy or the Excess Policy;

d. Award Nautilus all costs incurred to prosecute this action; and

e. Award any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**MICHELE VARGAS**
Florida Bar No. 686395
Michele.Vargas@clydeco.us
**MATTHEW WATSON**

Florida Bar No. 1031851
Matthew.Watson@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131