UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CIVIL ACTION NO. 4:23-CV-10093-JEM

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.

CAPTAIN PIP'S HOLDINGS, LLC,
DANIEL COUCH, TANNER HELMER,
SRINIVASRAO ALAPARTHI, as P.R.
of the Estate of SUPRAJA ALAPARTHI
and as parent and natural guardian of Ak.A,
a minor child, and RAVIKUMAR SADDA
and ASRITHA RAVALA, as parents and
natural guardians of V.S., a minor child,

    Defendants.

_____/

## JOINT UNOPPOSED MOTION FOR EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO AMENDED COMPLAINT AND MOTION FOR RELIEF FROM DEFAULT JUDGMENT

Defendants, SRINIVASRAO ALAPARTHI, as Personal Representative of the Estate of SUPRAJA ALAPARTHI, deceased, SRINIVASRAO ALAPARTHI, as parent and natural guardian of Ak.A., a minor child, and RAVIKUMAR SADDA and ASRITHA RAVALA, as parents and natural guardians of V.S., a minor child, and CAPTAIN PIP'S HOLDINGS, LLC, hereby file this Joint Unopposed Motion for Extension of Time to Respond to Amended Complaint [DE 18] and Motion for Relief from Default Judgment [DE 20]. In support, Defendants state as follows:

    1.    As alleged in the underlying suit that is the subject of this action, on May 30, 2022, Supraja Alaparthi, her son, Ak.A, a minor, and V.S., a minor, were involved in a tragic parasail

incident in the Florida Keys, Supraja Alaparthi lost her life, and Ak.A. and V.S. sustained both physical and emotional damages.

2.     The parasail vessel was owned and operated by non-party Lighthouse Parasail, Inc., which allegedly operated out of a marina owned by Defendant CAPTAIN PIP'S HOLDINGS, LLC.

3.     This declaratory judgment action was filed by Plaintiff, NAUTILUS INSURANCE COMPANY ("Nautilus") on October 20, 2022.

4.     Plaintiff, NAUTILUS, seeks a declaratory judgment that it does not have a duty to defend or indemnify its insured, Defendant CAPTAIN PIP'S HOLDINGS, LLC, in connection with the parasail accident that occurred on May 30, 2022.

5.     There has been significant confusion as to which dockets and which case number the parties were to proceed under after the Order of Transfer [DE 13] was entered on November 14, 2023. Plaintiff, NAUTILUS, started filing its documents, including its Amended Complaint, in a previously filed admiralty limitation action, which had been stayed. *See* Docket for Case No. 4:22-CV-10082, a copy of which is attached **Exhibit A**.

6.     After numerous filings in that stayed action, on January 24, 2024, Judge Becerra held a hearing to determine why filings were being made in the stayed admiralty action. It was clarified at the in-person hearing that the Plaintiff (and as a result Defendants) had been filing its documents in the wrong action. Plaintiff was instructed to file its documents in this action with the following Case No.: "4:23-CV-10093-JEM". Judge Becerra then struck several of the filings made in the stayed case that related to this insurance dispute.

7.     At the time of the hearing, all Defendants, SRINIVASRAO ALAPARTHI, as Personal Representative of the Estate of SUPRAJA ALAPARTHI, deceased, SRINIVASRAO

ALAPARTHI, as parent and natural guardian of Ak.A., a minor child, and RAVIKUMAR SADDA and ASRITHA RAVALA, as parents and natural guardians of V.S., a minor child, and CAPTAIN PIP'S HOLDINGS, LLC, had all filed unopposed motions for extension of time to respond to the Amended Complaint, which remained pending at the time of the hearing. *See* Docket Case No. 4:22-CV-10082, at DE 55, 60.

8. At the hearing, Judge Becerra found that the filings in the stayed action before her were incorrect. Judge Becerra instructed Plaintiff to re-file its Amended Complaint under this case number (4:23-CV-10093-JEM ) and instructed the Defendants to refile their motions for extension of time to respond to the Amended Complaint once that was done.

9. At the hearing, all parties (including Plaintiff) further agreed that the Defendants could have until February 24, 2024 to respond to the Amended Complaint, but that Judge Becerra could not enter the order granting those extensions.

10. After that hearing, the Plaintiff again filed the Amended Complaint under the wrong case number and it was subsequently stricken by Judge Becerra. *See* Docket Case No. 4:22-CV-10082, at DE 64, 66.

11. Unbeknownst to the Defendants (because they were not attorneys of record yet in this action), the Plaintiff filed the Amended Complaint under the correct case number in this action on January 25, 2024. [DE 18]. The Defendants were never served with that filing, either through CM/ECF, or by Plaintiff's counsel.

12. Further, unbeknownst to Defendant , SRINIVASRAO ALAPARTHI, as Personal Representative of the Estate of SUPRAJA ALAPARTHI, and, as parent and natural guardian of Ak.A., a minor child, a default was entered against him on January 26, 2024. [DE 20].

13. None of the Defendants were aware of the filings in this action until February 5,

2024, when they were advised by Plaintiff's counsel via email.

14. In light of the foregoing, and in light of there being no objection by the Plaintiff, the Defendants, SRINIVASRAO ALAPARTHI, as Personal Representative of the Estate of SUPRAJA ALAPARTHI, deceased, SRINIVASRAO ALAPARTHI, as parent and natural guardian of Ak.A., a minor child, and RAVIKUMAR SADDA and ASRITHA RAVALA, as parents and natural guardians of V.S., a minor child, and CAPTAIN PIP'S HOLDINGS, LLC, respectfully request an extension of time through **February 24, 2024** to respond to the Amended Complaint.

15. In addition, pursuant to Federal Rule of Civil Procedure 60, Defendant SRINIVASRAO ALAPARTHI, as Personal Representative of the Estate of SUPRAJA ALAPARTHI, and as parent and natural guardian of Ak.A., a minor child, seeks relief from the Clerk's Default entered on January 26, 2024, in light of the issues set forth above. Defendant SRINIVASRAO ALAPARTHI, as Personal Representative of the Estate of SUPRAJA ALAPARTHI, and as parent and natural guardian of Ak.A., had timely filed an unopposed motion for extension of time to respond to the Amended Complaint under Case No.: Case No. 4:22-CV-10082, and was unaware the Amended Complaint had been refiled under this action until after the Clerk's Default was entered as set forth above. Similar to the extension of time for all Defendants to respond to the Amended Complaint, the Plaintiff does not oppose this relief.

WHEREFORE, Defendants, SRINIVASRAO ALAPARTHI, as Personal Representative of the Estate of SUPRAJA ALAPARTHI, deceased, SRINIVASRAO ALAPARTHI, as parent and natural guardian of Ak.A., a minor child, and RAVIKUMAR SADDA and ASRITHA RAVALA, as parents and natural guardians of V.S., a minor child, and CAPTAIN PIP'S HOLDINGS, LLC respectfully request that this Court enter an Order granting Defendants'

Unopposed Motion for Extension of Time to Respond to Amended Complaint and Motion for Relief from Entry of Default Judgment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2024, I e-filed this document using the CM/ECF system.

**THE HAGGARD LAW FIRM, P.A.**
*Attorneys for Plaintiff*
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Phone: 305-446-5700
Fax: 305-446-1154

BY: /s/ PEDRO P. ECHARTE III
    PEDRO P. ECHARTE III, Esq.
    FL Bar No.: 90454
    ppe@haggardlawfirm.com

and

**REED SMITH LLP**
200 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: (786) 747-0222
Facsimile: (786) 747-0299

*/s/ Garrett S. Nemeroff*
    **R. Hugh Lumpkin**
    Florida Bar No. 308196
    hlumpkin@reedsmith.com
    **Garrett S. Nemeroff**
    Florida Bar No. 111675
    gnemeroff@reedsmith.com
    **Paul M. Goodrich**
    Florida Bar No. 1044663
    pgoodrich@reedsmith.com